**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02761-CMA

KEVIN R. HERRERA,

    Applicant,

v.

SUSAN JONES, Warden Colorado State Penitentiary, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER DENYING PETITION FOR HABEAS CORPUS**

    Applicant Kevin R. Herrera is currently in the custody of the Colorado Department of Corrections.  On December 19, 2008, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 3).

    Applicant's habeas petition raises one claim: violation of his Sixth Amendment rights by improper use of hearsay during his trial.  This claim was denied by the Colorado Court of Appeals on May 24, 2007, and the Colorado Supreme Court denied certiorari review on September 17, 2007.  Therefore, Applicant's claim appears to be exhausted pursuant to 28 U.S.C. § 2254(b), since it has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process."[1]

---

[1]  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

However, on the same day Applicant initiated this action, he also filed a Colo. R. Crim. P. 35(c) motion in El Paso District Court. Claim Thirteen of the 35(c) motion raises "confrontation violations" under the "Constitution or laws of the United States." As part of these alleged violations, Applicant claims that out-of-court statements made by his cousin, introduced through another witness at trial, were improper hearsay. These are the same hearsay statements Applicant challenged on direct review of his conviction, and the same statements he is challenging in this action. The 35(c) motion has not yet been ruled on by the state district court.

A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted **all** available state remedies.[2] The prisoner must show that at the time he filed his federal petition, he had no available state avenue of redress.[3]

Here, the single habeas claim would be deemed exhausted but for the fact that Applicant continues to pursue state remedies as to that claim. Applicant sought this redress before he filed his application in this case. As long as he continues to pursue state remedies, and these state remedies are not conclusively decided by that court, relief from the state courts remains a possibility. Applicant, therefore, cannot seek

---

[2] *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994).

[3] *Miranda*, 967 F.2d at 398 (*citing Anderson v. Harless*, 459 U.S. 4, 8 (1982)).

habeas corpus relief in this Court before he fully exhausts the avenues he already is pursuing in the state courts.[4]

This Court issued an Order To Show Cause (Doc. # 24) to the Applicant on May 5, 2011, asking why this matter should not be dismissed. Applicant's response (Doc. # 25) does not deny that his habeas claim is identical to Claim Thirteen in his 35(c) motion. Applicant's main argument is instead that he exhausted his claim in state court, since his direct appeal has already been decided by the Colorado Court of Appeals, so this Court must have jurisdiction to hear his petition.

However, exhaustion is merely a pre-requisite for filing in this court; it is not a mandate that this Court *must* hear the case. Where, as here, Applicant has himself chosen to attempt to re-litigate his claim in state court, there remains a chance, however remote, that he could be successful. This Court can not concurrently hear the same claim as there would be the possibility of conflicting or inconsistent rulings.[5]

---

[4] "Exhaustion is a doctrine of comity and federalism 'dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims.'" *McCormick v. Kline*, 572 F.3d 841 (10th Cir. 2009) (*quoting Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

[5] "[O]ne court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rhines*, 544 U.S. at 274 (*quoting Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Doc. # 3; Dec. 19, 2008) is DENIED WITHOUT PREJUDICE and this action is DISMISSED for failure to exhaust state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).  It is

FURTHER ORDERED that a certificate of appealability shall not issue.[6]

DATED at Denver, Colorado, this   25th   day of May, 2011.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[6]  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2000).